IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS GOODNIGHT | § | |
| v. | § | CIVIL ACTION NO. 6:13cv96 |
| RAINS COUNTY SHERIFF'S DEPARTMENT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DISMISSING DEFENDANT RAINS COUNTY SHERIFF'S DEPARTMENT

  The Plaintiff Thomas Goodnight, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Goodnight named the Rains County Sheriff's Department and deputy sheriffs Charles Dickerson and D'Lyn Davis.

  Goodnight complains of an allegedly false arrest and being required to register as a sex offender although he no longer had any legal obligation to do so. The Defendants filed a motion to dismiss arguing that the Rains County Sheriff's Department has no separate legal existence and cannot be sued in its own name and that Goodnight's allegations against Dickerson and Davis were wholly conclusory.

  After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss should be granted with respect to the Rains County Sheriff's Department and denied as to the individual defendants. Goodnight filed objections to the Report stating he wished the names of three individuals, David Traylor, Kurt Fischer, and Randy Kirkpatrick, added to the lawsuit in place of the Rains County Sheriff's Department, but he offered no facts whatsoever

1

concerning any of these persons. Goodnight also asks that the Court provide him with an affidavit from an person named Woody Fisher and that he be appointed an attorney.

The Magistrate Judge properly concluded that the Rains County Sheriff's Department has no separate legal existence and cannot be sued in its own name. *See* Darby v. Pasadena Police Department, 939 F.2d 311, 313 (5th Cir. 1991). Goodnight's recitation of the names of Traylor, Fischer, and Kirkpatrick fails to raise a valid objection to the Report of the Magistrate Judge because he offers no facts at all concerning any of these persons. His requests for an affidavit and for appointment of counsel also do not raise any valid objections to the Report.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss (docket no. 13) is hereby GRANTED as to the Rains County Sheriff's Department and DENIED as to the Defendants D'Lyn Davis and Charles Dickerson. The Rains County Sheriff's Department is hereby DISMISSED as a party to this lawsuit. The dismissal of the Sheriff's Department shall have no effect upon the Plaintiff's claims against Dickerson and Davis, nor shall it prevent Goodnight from filing a proper amended complaint against such persons as he may believe are liable to him.

**It is SO ORDERED.**

**SIGNED this 10th day of June, 2013.**

*[signature: Michael Schneider]*

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

2